### KROOSS v. LEHMAIER et al.

(Supreme Court, Appellate Term.   November 29, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—DEFECTIVE MACHINE—NOTICE.
    A master is not liable for injuries to a servant by an alleged defect in a machine, in the absence of proof that the master had notice that the machine was defective.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 243.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Mattie Krooss, an infant, by Margretta Krooss, her guardian ad litem, against James M. Lehmaier and others, doing business as Lehmaier, Schwartz & Co. From a Municipal Court judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Winter & Winter, for appellants.

August L. Martin, for respondent.

PER CURIAM. This action was brought by an employé to recover for injuries alleged to have been sustained through the negligence of her employers, the defendants. From a judgment in favor of the plaintiff, based upon the verdict of a jury, the defendants appeal.

The plaintiff was injured on a machine used for pressing metal caps for bottles. Without considering the question raised involving the plaintiff's contributory negligence and her assumption of risk, we think that a new trial should be had for the reason that there was insufficient proof of notice to the defendants of the alleged defective condition of the machine. The plaintiff's statements on cross-examination not only contradicted her direct testimony, but they defined and limited its apparent meaning to such an extent that its effect was destroyed, and there remained no affirmative proof which would justify a finding that the defendants had notice of any defect.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.